UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HENRY D. WASHINGTON,

      Petitioner,

v.                                  CASE NO. 6:04-cv-1355-Orl-19KRS

FL ATTORNEY GENERAL, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a timely response (Doc. No. 11) and a supplemental response (Doc. No. 15) to the petition for writ of habeas corpus.  Petitioner then filed a reply (Doc. No. 19).

Petitioner alleges  four claims for relief in his habeas petition:  first, that he was forced to wear a "stunbelt" during his trial; second, that trial counsel was ineffective for failing to object when Petitioner was forced to wear a stun belt at trial; third, that trial counsel was ineffective for failing to call a witness to impeach Petitioner's co-defendant; and fourth, that he was improperly sentenced as a violent career criminal.

### Procedural History

The procedural history of this case is set forth in the Court's Order of March 18,

2005, (Doc. No. 14) and is incorporated herein.

*Claim One*

Petitioner contends that he was forced to wear a "stunbelt" during his trial.  This claims was raised in Petitioner's motion for postconviction relief; however, the trial court determined that it was procedurally barred.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[1] or (2) are not exhausted but would clearly be barred if returned to state court.[2]  Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law.  In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ."  *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

Petitioner's claim is procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court

---

[1]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[2]*See*, *e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

affirmed *per curiam*.[3]  The denial on procedural bar grounds was a correct application of

Florida law.

There are two exceptions to the procedural default bar.  The first is the "cause and

prejudice" exception;[4] the second, which is a narrow one, is the "actually innocent"

exception, also known as the "fundamental miscarriage of justice" exception, used in

extraordinary circumstances.  *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir.

1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would

excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of

the actually innocent exception.  The entire record has been reviewed, and the Court

concludes that Petitioner is unable to satisfy either of the exceptions to the procedural

default bar.  Therefore, claim one is procedurally barred.

***Claims Two and Three***

Petitioner contends that he received ineffective assistance of counsel because of the

following: a) trial counsel failed to object when Petitioner was forced to wear a stun belt

---

[3]A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

[4]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

at trial (claim two); and b) trial counsel failed to call a witness to impeach the testimony of

Petitioner's co-defendant, Johnny Ray Haddock, Jr. (claim three).

1.      *Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Consequently, if a claim was adjudicated on the merits in the state court, this Court may

grant habeas corpus relief only if the state court's decision "was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States"[5] or "was based on an unreasonable determination of

---

[5]In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the

the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b) whether the state court's decision was contrary to governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11ᵗʰ Cir. 2002); *see also* 28 U.S.C. § 2254(d).

Claims two and three were raised in Petitioner's motion for postconviction relief, and the trial court denied them on the merits. The state appellate court affirmed the denial. The Court finds that claims two and three must be denied under section 2254(d).

2.    *Governing Principle*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the

---

particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

3.      *Claim Two*

Petitioner avers that trial counsel failed to object when Petitioner was forced to wear a stun belt at trial. However, Petitioner fails to demonstrate (and the record does not reflect that) Petitioner was, in fact, wearing a stun belt; that trial counsel was aware that Petitioner was wearing a stun belt; or that Petitioner informed trial counsel of any alleged discomfort as a result of wearing a stun belt. The record does reveal that Petitioner actively participated in the trial, as reflected in certain questioning from the trial judge. *See* Transcript of Trial at 145-147. Further, assuming that he did wear a stun belt during trial, Petitioner has not shown that he sustained any prejudice as a result of his counsel's failure to raise on objection.

4.      *Claim Three*

Petitioner argues that trial counsel failed to call a witness to impeach the testimony of Mr. Haddock, Petitioner's co-defendant. According to Petitioner, Detective Ramsey would have testified that, on the night of the arrest, Mr. Haddock provided a statement to the police indicating that he (Mr. Haddock) alone committed the crimes.

This claim is without merit. First, at trial, Petitioner acknowledged that he agreed with trial counsel's decision not to call any witnesses to testify. (Transcript of Trial at 145-47.)

Second, during the cross-examination of Mr. Haddock, trial counsel questioned him about his discussion with Detective Ramsey. Mr. Haddock admitted that he told Detective Ramsey that he "would tell him anything that he wanted to know as long as he would help [him] stay out of prison." *Id*. at 99-100. Thus, Mr. Haddock's willingness to implicate Petitioner was brought out during the cross-examination.

Finally, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony. The witness may not testify as anticipated, or the witness's demeanor or character may impress the jury unfavorably and taint the jury's perception of the accused; or the testimony, though sympathetic, may prompt jurors to draw inferences unfavorable to the accused." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993) (citations omitted). Petitioner has failed to advance a persuasive argument that trial counsel's decision not to call this witness was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation. "Reasonably competent trial counsel might well have determined that the best prospect for acquittal lay in discrediting the government's witnesses, rather than presenting additional testimony which could appear to legitimate the government's case or raise questions about the defense not previously suggested by the government's evidence." *Id.* In view of the obvious tactical risks and the limited benefits, the failure to present this witness did not amount to ineffective assistance of counsel. Additionally, in light of the State's evidence presented at trial, it is apparent that Petitioner has failed to demonstrate prejudice.

*5.      Conclusion*

The Court finds that, with regard to claims two and three, trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice.  Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland.*

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.  "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct."  *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002).  Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable.  Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings.  Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts.  Based on the foregoing, it is clear that claims two and three must be denied under section 2254(d).

**Claim Four**

Petitioner avers that he was improperly sentenced as a violent career criminal.  However, this Court expresses no opinion on the state trial court's interpretation of Florida

law, and it would be inappropriate to conduct an examination of Florida sentencing law.

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus

relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright,*

699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir.

1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth,* 861 F.2d 1507,

1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently

have held that federal courts can not review a state's alleged failure to adhere to its own

sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331

(5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing

procedures . . . ."), *cert. denied,* 434 U.S. 1020 (1978). "This limitation on federal habeas

review is of equal force when a petition, which actually involves state law issues, is

`couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting

*Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Since claim four is based

exclusively on state law issues that are merely "couched in terms of equal protection and

due process," it must be denied. *Willeford*, 538 F.2d at 1198.

Any of Petitioner's allegations not specifically addressed herein have been found to

be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Henry D. Washington is

**DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall

enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 13th___ day of

October, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 10/13
Counsel of Record
Henry D. Washington